USDC EDWI
FILED IN GREEN BAY DIV
NOV 2 1 2016
AT_____ O'CLOCK____M
JON W. SANFILIPPO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                  Case No. 16-CR-150

TIMOTHY B. BRADY II,

           Defendant.

## PLEA AGREEMENT

    1.    The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Timothy B. Brady II, individually and by attorney Krista Halla-Valdes, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, enter into the following plea agreement. Both the Government and the defendant understand that, in accordance with Rule 11(c)(1)(C), if the Court should decide not to accept the Plea Agreement, the defendant has the right to withdraw his plea of guilty and proceed to trial. The specific terms of the agreement are as follows:

### CHARGES

    2.    The defendant has been charged in two counts of a two-count indictment, which alleges violations of Title 18, United States Code, Section 2251(a).

    3.    The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been

charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

(Attempted Sexual Exploitation of a Child)

**THE GRAND JURY CHARGES THAT:**

On or about February 17, 2016, in the State and Eastern District of Wisconsin and elsewhere,

**TIMOTHY B. BRADY II,**
a/k/a "Redneck Chaos"

knowingly attempted to employ, use, persuade, induce, entice or coerce Female A, a minor under the age of 18, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit: attempting to obtain a visual depiction of Female A, a minor under the age of 18, engaged in the lascivious exhibition of her genitals, which visual depiction the defendant knew or had reason to know would be mailed or transported across state lines or in foreign commerce.

All in violation of Title 18, United States Code, Section 2251(a).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

2

Female A referenced in the indictment was contacted by the defendant through the use of the internet and social media sites and applications. During their correspondence, Female A received several requests from the defendant for nude photographs, as well as questions concerning her favorite sexual positions and her use of sex toys. On February 17, 2016, the defendant asked her to send him a video via the internet of herself masturbating to which she responded "that's child porn." Female A told the defendant she is under the age of 18 to which the defendant responded "its little secret the state im from 16 is legal." Female A put him off by stating she had a family function to attend, and the defendant told her that she should send the masturbation video to him the next day. Law enforcement spoke with Minor Victim A and she acknowledged her interaction with the defendant, whom she knew as "Redneck Chaos," and admitted that she sent him approximately ten full body photos of herself naked via Snapchat. She also admitted that she ultimately gave in to his demands and sent him videos of her masturbating. The pictures and videos requested would, by their very nature, involve the lascivious exhibition of her genitals and a request for the visual depiction of sexually explicit conduct. Female A was under the age of eighteen at the time of their correspondence.

With regard to Female B, the defendant repeatedly pressured her for photographs. She sent two photographs of her breasts and one of her buttocks. She made it clear to the defendant that she is 17 years old. On April 8, 2016, the defendant ordered her to excuse herself from class and send her a photo of her breasts taken in a bathroom stall. She complied. He also alluded to his desire for her to insert a hairbrush into her vagina and told her that she must shave all her pubic hair from that day forward. The following day on April 9, 2016, the defendant, whom she knew as "Redneck Chaos," demanded that she send a video via the internet of her spanking herself and continued "I will be seeing every part of your naked body tonight." He followed up up with a message stating "slave pic of everything .. a new tit pic, an ass pic, pussy pic, ass bent

3

over pic, nipple clamps pic." "Slave" was the term he used for Female B, and she in turn referred to him as "master" or "daddy." During this conversation the defendant demanded again "one pic full body front view, one pic of your ass, and the last of your pussy slave." The pictures and videos requested would, by their very nature, involve the lascivious exhibition of her genitals and a request for the visual depiction of sexually explicit conduct.

Local law enforcement and the FBI worked with the Oklahoma Bureau of Investigation (OBOI) to coordinate the execution of a search warrant and arrest of the defendant. The OBOI agent took a Mirandized statement wherein the defendant admitted to the tactics he employed to get underage girls around the country to send him sexually explicit pictures and videos. He also wrote an apology letter to Female B.

His cellular telephone, online accounts, and the victims' telephone and electronic devices were analyzed forensically. The information contained therein corroborated the victims' statements, and exposed the breadth of the defendant's online activities.

The above-described communications took place via the internet or cellular communication facilities with Females A and B located in the Eastern District of Wisconsin, and the defendant in the State of Oklahoma.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## **PENALTIES**

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 30 years and $250,000. The count also carries a mandatory minimum of 15 years of imprisonment. The count also carries a mandatory special assessment of $100, at least 5 years of supervised release,

and a maximum of a lifetime of supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## MISCELLANEOUS

8. Upon acceptance of this agreement by the Court, the United States Attorney's Office agrees to file a motion pursuant to Title 18 United States Code, Section 3553(e) allowing the Court to issue a sentence below the mandatory minimum of 180 months imprisonment based on the defendant's proffer session with law enforcement and his assistance in identifying the methods, social media platforms, and messaging systems employed in the enticement of minor and/or solicitation of pornographic images. The defendant's disclosure was made for the purpose of assisting State of Wisconsin ICAC (internet crimes against children) Investigators in future investigations.

## DISMISSAL OF REMAINING COUNTS

9. The government agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of attempted sexual exploitation of a child as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

**First**, that the victim was under the age of eighteen years;

**Second**, that the defendant, for purpose of producing a visual depiction of such conduct, attempted to employ, use, persuade or coerce the person identified in the indictment to take part in sexually explicit conduct; and

5

**Third**, the defendant knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce, or the visual depiction was transmitted using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

## SENTENCING PROVISIONS

11.     The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12.     The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13.     The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14.     The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Rule 11(c)(1)(C)

15. Pursuant to Rule 11(c)(1)(C), the parties enter into this plea agreement. If the Court accepts this Plea Agreement, the Defendant will receive the stipulated sentence set forth in Paragraph 22. If the Court rejects this Plea Agreement, the Defendant will have the opportunity to withdraw his plea of guilty and proceed to trial, as provided under Rule 11(d)(2)(A).

## Sentencing Guidelines Calculations

16. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

17. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

18. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 32 under Sentencing Guidelines Manual § 2G2.1(a).

7

## Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

20. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22. Pursuant to Rule 11(c)(1)(C), both the Government and Defendant agree that, after consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the appropriate sentence to be imposed in this case is **144 months imprisonment**.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum

8

penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

### Special Assessment

27. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

### Restitution

28. The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

9

## DEFENDANT'S WAIVER OF RIGHTS

29. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

30. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights.

The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

31. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

32. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

## Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

11

## MISCELLANEOUS MATTERS

34. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

37. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed.

The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

39. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 11-21-16

_Timothy Brady II_
Timothy B. Brady II
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 11/21/16

_Krista Hall-Valdes_
Krista Halla-Valdes
Attorney for Defendant

For the United States of America:

Date: _____

_signature_
GREGORY J. HAANSTAD
United States Attorney

Date: 11/21/16

_Dan R. Humble_
DANIEL R. HUMBLE
Assistant United States Attorney

14